[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2005
THOMAS K. KAHN
CLERK

**No. 05-11210**
**Non-Argument Calendar**
_____

D. C. Docket No. 04-00019-CR-01-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP ANTONIO ESPOSITO,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**
_____

**(December 7, 2005)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

On June 23, 2004, appellant, Phillip Antonio Esposito, pled guilty in the

district court to a two-count indictment charging him in Count One with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and in Count Two with theft of a firearm from a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(u). On February 25, 2005, the court sentenced him to concurrent prison terms of 180 months on Count One and 120 months on Count Two. The court sentenced appellant to 180 months on Count One because he had three prior convictions and under the Armed Career Criminal Act, 18 U.S.C. § 924(e), the court had to impose a prison sentence of at least 180 months (rather than of the maximum sentence of 120 months established by 18 U.S.C. § 922(g)). He now appeals his Count One sentence, contending that the Sixth Amendment, as interpreted by the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2363, 147 L.Ed.2d 435 (2000), barred the district court—absent a jury determination beyond a reasonable doubt that he had committed the prior convictions—from sentencing him to the 180 months' term.

Appellant submits that the Apprendi Court relied upon Almendarez-Torres, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to carve out an exception for prior convictions, and that Almendarez Torres was wrongly decided. Moreover, since Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159

2

L.Ed.2d 403 (2004), declared it unconstitutional for a court to impose a sentence above the maximum guideline sentence, and United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), held that it was unconstitutional for a defendant's sentence to be enhanced based upon facts found by the judge, under a preponderance of evidence standard, and not by a jury beyond a reasonable doubt, the court erred in enhancing his sentence.

Reduced to its essentials, what appellant is asking us to hold is that the Supreme Court has overruled Almendarez-Torres. This we cannot do. In United States v. Marseille, 377 F.3d 1249, 1257-58 (11th Cir.), cert. denied, 125 S.Ct. 637 (2004), we refused to do what appellant asks us to do—to disregard Almendarez-Torres and extend Apprendi's rationale to the situation at hand. We said that Marseille's "wish was beyond our power to grant. So is appellant's.

**AFFIRMED.**